ALICE C. BONNELL, AS ADMINISTRATRIX, ETC., APPELLANT, v. HUGH J. JEWETT, AS RECEIVER OF THE ERIE RAILWAY COMPANY, RESPONDENT.

*Statute of limitations — an action to recover damages for death caused by negligence must be brought within two years.*

An action under chapter 450 of 1847, as amended by chapter 256 of 1849, and chapter 78 of 1870, to recover damages for the death of a person occasioned by the defendant's negligence, must be brought within two years from the time of the death.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit.

On the 23d day of July, 1875, Joseph Bonnell, while in the service of the defendant as an employe, was killed by the explosion of a locomotive on which he was riding. This action was commenced March 15, 1879, three years and eight months afterwards,

to recover damages for thus causing his death. It was claimed in the complaint that the death resulted from negligence on the part of the defendant, and therefore a liability therefor existed. Among other defenses, the defendant pleaded the statute of limitations. It was agreed to move the case on this question at the November Circuit, 1880, and a nonsuit was asked by the defendant, because it appeared from the pleadings that the action was not commenced within the period given by statute for the commencement of actions of that character. That motion was granted, and the complaint was dismissed.

*T. J. & J. W. Lyon,* for the appellant.

*Lewis E. Carr,* for the respondent.

GILBERT, J.:

This remedy was first given by chapter 450 of the Laws of 1847. That statute contained a proviso that the "action should be commenced within two years after the death of such deceased person."

In 1849 (ch. 256) the act was amended by limiting the amount of the recovery to $5,000. In 1870 (ch. 78) the legislature again amended the statute by inserting the further provision that the amount of damages recovered should draw interest from the time of the death of the deceased person, but left the proviso untouched. The appellant claims that the effect of the amendment was to restrict the proviso to the recovery of interest, so that the right to recover interest only became dependent upon the bringing of the action within two years.

I think the statute does not admit of such a construction. The proviso inserted in the original act, and continued in the amendatory statutes, was intended to have, and has, the effect of a statute of limitations, and bars the action if not brought within two years.

Judgment must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.